UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marquette Touch'e Myers, Sr.,<br><div align="right">Plaintiff,</div><br>vs.<br><br>G. Casian, M.D.; Tillman; Rojas,<br><div align="right">Defendants.</div> | Case No.:  14-cv-02255-WQH-JLB<br><br>**REPORT AND RECOMMENDATION DENYING DEFENDANTS' MOTION TO DISMISS**<br><br>**[ECF No. 9]** |

## I.      INTRODUCTION

Plaintiff Marquette Touch'e Myers, Sr., proceeding *pro se*, is a state prisoner currently incarcerated at the Substance Abuse Treatment Facility, in Corcoran, California.  Plaintiff filed the operative complaint on September 22, 2014, pursuant to 42 U.S.C. § 1983, alleging Defendants G. Casian, a medical doctor, and Correctional Officers Tillman and Rojas violated Plaintiff's Eighth Amendment rights while he was housed at the Richard J. Donovan Correctional Facility ("RJD") in San Diego, California.  (ECF No. 1.)  First, Plaintiff alleges Defendant Casian failed to renew a previously issued medical housing recommendation, or "chrono," for a lower-bunk on floor level cells only.  (ECF No. 1.)  Second, Plaintiff alleges Defendant Tillman forced Plaintiff to move from a floor level cell to an upper-tier cell.  (ECF No. 1.)  Third, Plaintiff alleges Defendant Rojas failed to hold onto Plaintiff as Plaintiff experienced a seizure resulting

in him falling down the stairs from the upper-tier housing block.  (ECF No. 1.)  Presently before this Court is Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a claim and failure to exhaust administrative remedies.  (ECF No. 9-1.)

The Court submits this Report and Recommendation to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the United States District Court for the Southern District of California.  After a thorough review of the Complaint, Defendants' Motion to Dismiss, Plaintiff's Response filed in opposition thereto, and Defendants' Reply, this Court **RECOMMENDS** Defendants' Motion to Dismiss be **DENIED**.

## II.   FACTUAL BACKGROUND[1]

### A. Plaintiff's Alleged Medical Restrictions

Plaintiff claims to have a seizure disorder.  (ECF No.1 at 3.)  Plaintiff contends the medical staff at RJD, including Defendant Casian, has acknowledged Plaintiff's seizure disorder in the past.  (*Id*.)  Plaintiff claims he received a permanent housing accommodation from RJD medical staff in 2010 because of this disorder.  (*Id*.)  Plaintiff contends his permanent housing accommodation restricted him to be housed in a lower-bunk and lower-tier cell block.  (*Id*.)  Additionally, Plaintiff claims that his internal prison medical record file reflects both his seizure disorder and permanent housing

---

[1] Plaintiff's allegations are accepted as true for purposes of assessing Defendants' motion to dismiss only.

accommodation.  (*Id.*)  Plaintiff also contends his housing accommodation is annually

renewed and updated in the internal prison computer system.  (*Id.*)

### B. Defendant Dr. Casian's Alleged Violation of Plaintiff's Eighth Amendment Right to Medical Care

Plaintiff claims that on August 30, 2012, he had a routine follow-up medical

appointment with Defendant Dr. Casian.  (*Id.*)  Plaintiff alleges he told Defendant Casian

that Plaintiff's permanent housing accommodation needed to be renewed and updated in

the internal prison computer system.  (*Id.*)  Plaintiff alleges Defendant Casian did not

renew Plaintiff's housing accommodation or update the internal prison computer system.

(*Id.* at 3-4.)

### C. Defendant Tillman's Alleged Violation of Plaintiff's Eighth Amendment Right to Prevention of Harm

Plaintiff claims that on October 20, 2012, Defendant Tillman ordered Plaintiff to

move from a floor-level cell to an upper-tier cell.  (*Id.* at 5.)  Plaintiff contends he told

Defendant Tillman that he had a seizure disorder and a permanent housing

accommodation restricting Plaintiff to a lower-bunk in a floor level cell.  (*Id.*)  Plaintiff

alleges Defendant Tillman responded that if Plaintiff did not move voluntarily, he would

be subjected to disciplinary action and physically forced to move.  (*Id.*)  Additionally,

Plaintiff contends he asked Defendant Tillman to contact the internal prison medical

department to confirm Plaintiff's seizure disorder as well as his permanent housing

accommodation.  (*Id.* at 6.)  Plaintiff alleges Defendant Tillman refused to contact the

1  medical department – saying to Plaintiff, "What for?" – and forced Plaintiff to move to an

2  upper-tier cell.  (*Id.*)

3  ### D. Defendant Rojas' Alleged Violation of Plaintiff's Eighth Amendment Right to Prevention of Harm

4  Plaintiff, housed in an upper-tier cell allegedly as a result of the aforementioned

5  move, claims that on November 9, 2012, Defendant Rojas escorted Plaintiff from that his

6  upper-tier cell to a medical appointment.  (*Id.* at 8.)  Plaintiff alleges Defendant Rojas

7  handcuffed Plaintiff's hands behind his back before escorting Plaintiff out of his cell.

8  (*Id.*)  Plaintiff claims he suffered a grand mal seizure during the escort and fell down the

9  stairs as a result.  (*Id.*)  Additionally, Plaintiff alleges Defendant Rojas failed to keep

10  Plaintiff safe by "not holding on" to Plaintiff and instead "letting go" of him during the

11  seizure.  (*Id.*)

12  ### E. Plaintiff's Alleged Injuries

13  Plaintiff claims he suffered a severe back injury as a result of the aforementioned

14  fall.  (*Id.*)  Plaintiff alleges he was given pain medication as well as a shot in the middle

15  of his back to stop the swelling.  (*Id.*)  Additionally, Plaintiff contends that following this

16  fall, he was moved to a floor-level cell and was transported to this cell after the fall using

17  a wheelchair.  (*Id.* at 8-9.)

18  / / /

19  / / /

20

4

1    **III.    STANDARD OF REVIEW**

2         **A.    Federal Rule of Civil Procedure 12(b)(6)**

3         "To survive a motion to dismiss, a complaint must contain sufficient factual

4    matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

5    *v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

6    570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content

7    that allows the court to draw the reasonable inference that the defendant is liable for the

8    misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

9         A motion to dismiss may be based on either a "'lack of a cognizable legal theory'

10   or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Hinds Inv.,*

11   *L.P. v. Angioli,* 654 F.3d 846, 850 (9th Cir. 2011) (quoting *Johnson v. Riverside*

12   *Healthcare Sys., LP,* 534 F.3d 1116, 1121 (9th Cir. 2008)).  Detailed factual allegations

13   are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported

14   by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*,

15   550 U.S. at 555).

16        "Determining whether a complaint states a plausible claim for relief [is] . . . a

17   context-specific task that requires the reviewing court to draw on its judicial experience

18   and common sense." *Id.* at 679.  The "mere possibility of misconduct" falls short of

19   meeting this plausibility standard.  *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d

20   962, 971 (9th Cir. 2009).  The court does not look at whether the plaintiff will "ultimately

1  prevail but whether the [plaintiff] is entitled to offer evidence to support the claims."

2  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  With respect to an inmate who proceeds

3  *pro se*, his complaint "must be held to less stringent standards than formal pleadings

4  drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also*

5  *Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014).

6  **B.    PLRA Requirement to Exhaust Administrative Remedies**

7       If a prisoner's failure to exhaust administrative remedies "is clear on the face of the

8  complaint, a defendant may move for dismissal under 12(b)(6)."  *Albino v. Baca*, 747

9  F.3d 1162, 1166 (9th Cir. 2014) (en banc).

10       The Prison Litigation Reform Act of 1996 (PLRA) states prisoners must exhaust

11  all available administrative remedies before filing 42 U.S.C. § 1983 actions in federal

12  court.  42 U.S.C. § 1997e(a); *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1062 (9th

13  Cir. 2007).  Exhaustion of administrative remedies is mandatory.  *Porter v. Nussle*, 534

14  U.S. 516, 524 (2002).  The exhaustion requirement has no exceptions.  *Booth v. Churner*,

15  532 U.S. 731, 741, n.6 (2001).  Further, exhaustion of administrative remedies must be

16  proper.  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Harvey v. Jordan*, 605 F.3d 681, 683-

17  84 (9th Cir. 2010).  Proper exhaustion means, "a prisoner must complete the

18  administrative review process in accordance with the applicable procedural rules,

19  including deadlines, as a precondition to bringing suit in federal court."  *Woodford*, 548

20  U.S. at 88; *Harvey*, at 684-86.  Finally, "it is the prison's requirements, and not the

PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

## IV.   DISCUSSION

### A.   Eighth Amendment Claim

Defendants argue that Plaintiff fails to state an Eighth Amendment claim against Defendants Tillman and Rojas because Plaintiff fails to adequately allege that those two defendants had sufficiently culpable states of mind.  (ECF 9-1 at 4.)  Defendants concede that Plaintiff adequately alleges a serious medical need and thus sufficiently serious deprivation.  (*Id.*)  Defendants do not challenge the sufficiency of Plaintiff's allegations of an Eighth Amendment violation as to any defendants other than Defendants Tillman and Rojas.

### 1.  Eighth Amendment Two-Prong Test

In order for a prison official to be held liable for alleged unconstitutional conditions of confinement, the prisoner must allege facts that satisfy a two-prong test. *Peralta v. Dillard*, 774 F.3d 1076, 1082 (9th Cir. 2014) (citing *Farmer v. Brennen*, 511 U.S. 825, 837 (1994)).  The first prong is an objective prong.  To satisfy this prong, the deprivation must be "sufficiently serious."  *Lemire v. Calif. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (citing *Farmer,* 511 U.S. at 834).[2]

---

[2] As stated above, Defendants only challenge the sufficiency of Plaintiff's allegations as to the subjective mens rea of Defendants Tillman and Rojas, not the objective prong of sufficiently serious deprivation.

7

The second prong focuses on the subjective knowledge of the prison official. Under this subjective prong, the prisoner must show that the prison official acted with "deliberate indifference" to excessive risk to the prisoner's health and safety. *Peralta*, 774 F.3d at 1082 (9th Cir. 2014) (citing *Farmer*, 511 U.S. at 837). Specifically, the prisoner must show the prison official knew of and disregarded an excessive risk to prisoner health or safety. *Farmer*, 511 U.S. at 837. That is, the prisoner must show the official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and drew such an inference. *Farmer*, 511 U.S.at 837; *see also Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

### 2. Sufficiency of Allegations of Deliberate Indifference as to Defendants Tillman and Rojas

Plaintiff claims that when Defendant Tillman ordered him to move from a bottom bunk, floor-level cell to an upper-tier cell, he told Defendant Tillman that he had a seizure disorder and a permanent housing accommodation restricting Plaintiff to a lower-bunk in a floor level cell. (*Id.* at 5.) Plaintiff further alleges Defendant Tillman responded that if Plaintiff did not move voluntarily, he would be subjected to disciplinary action and physically forced to move. (*Id.*) Additionally, Plaintiff contends he asked Defendant Tillman to contact the internal prison medical department to confirm Plaintiff's seizure disorder as well as his permanent housing accommodation. (*Id.* at 6.) Instead of contacting the medical department, Plaintiff alleges Defendant Tillman said, "What for?" and forced Plaintiff to move to the upper-tier cell. (*Id.*)

8

1    Therefore, for purposes of a motion to dismiss, Plaintiff pleads sufficient facts of

2    Defendant Tillman's knowledge of Plaintiff's seizure condition and the risk to his safety

3    of being placed in an upper-tier cell.  Further, the allegations of Defendant Tillman's

4    responsibility in moving Plaintiff and his response to Plaintiff's request that Defendant

5    Tillman check with the medical staff raises a plausible inference that Defendant Tillman

6    had the authority and means to prevent the move to the upper-tier cell and acted with

7    deliberate indifference.

8    As to Defendant Rojas, Plaintiff alleges that Defendant Rojas was escorting

9    Plaintiff from his cell on the upper-tier to a medical appointment.  (ECF No. 1 at 8.)

10    Plaintiff alleges that while being escorted by Defendant Rojas, Plaintiff suffered a grand

11    mal seizure and fell down the stairs.  (*Id*.)  Plaintiff further alleges that, at that time,

12    Plaintiff's hands were handcuffed behind his back.  (*Id*.)  Finally, Plaintiff alleges that

13    Defendant Rojas failed to hold onto Plaintiff and instead let him go, allowing him to fall

14    down the stairs.  (*Id*.)

15    For purposes of a motion to dismiss, Plaintiff's allegations that Defendant Rojas let

16    Plaintiff go when Plaintiff had a grand mal seizure on a flight of stairs with his hands

17    cuffed behind his back is sufficient to plead deliberate indifference.  Although Plaintiff

18    does not allege that Defendant Rojas knew of Plaintiff seizure condition before the

19    seizure, he alleges that Defendant Rojas let go of Plaintiff when he seized on the stairs.

20    / / /

14-cv-02255-WQH-JLB

1    Therefore, the Court finds Plaintiff sufficiently pleads the subjective prong of

2    Plaintiff's Eighth Amendment claim against Defendant Rojas.

3    **B.    Plaintiff's Exhaustion of Administrative Remedies**

4    Failure to exhaust under the PLRA is "an affirmative defense the defendant must

5    plead and prove." *Jones*, 549 U.S. at 216.  In the rare event that a failure to exhaust is

6    clear on the face of the complaint, a defendant may move for dismissal under Federal

7    Rule of Civil Procedure 12(b)(6).  Otherwise, defendants must produce evidence proving

8    failure to exhaust in order to carry their burden.  As the Ninth Circuit recently explained:

> In a few cases, a prisoner's failure to exhaust may be clear from
> the face of the complaint. However, such cases will be rare
> because a plaintiff is not required to say anything about
> exhaustion in his complaint. As the Court wrote in *Jones*,
> "failure to exhaust is an affirmative defense under the PLRA,
> and . . . inmates are not required to specially plead or
> demonstrate exhaustion in their complaints." *Id.* at 216.  But in
> those rare cases where a failure to exhaust is clear from the face
> of the complaint, a defendant may successfully move to dismiss
> under Rule 12(b)(6) for failure to state a claim.

*Albino*, 747 F.3d at 1169.

Defendants argue that Plaintiff failed to exhaust his administrative remedies as to

his conditions of confinement claims against Defendants Casian and Rojas as he did not

mention them by name in his grievances.  (ECF. No 9-1 at 8.)  Plaintiff responds with

evidence that he exhausted his administrative remedies, that he identified Defendant

Rojas by name in his grievances,[3] and that he was excused from identifying Defendant Casian by name when he first filed his grievances because he did not know her name.[4] (ECF No. 9-1 at 8-9; ECF No. 14 at 7.)

More importantly, Plaintiff alleges in his complaint that he exhausted his administrative remedies.  In the operative complaint, Plaintiff marked "Yes" in response to the question asking whether Plaintiff "previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged" against Defendants.  (ECF No. 1 at 10.)  He also attaches to his complaint some pages from the grievance process, including pages that advise him that his administrative claims have been exhausted.  (*Id.* at 16-25.)

Based on the record before the Court, this is not one of the rare cases where failure to exhaust is clear on the face of the complaint.  Therefore, Defendants' motion to dismiss on this basis is denied.

## V.   CONCLUSION

This Report and Recommendation to the United States District Judge William Q. Hayes, pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1 of the United States

---

[3] Plaintiff explains that the copy of the grievance attached to the complaint does not show this fact because it was not copied and attached in its entirety.  (*See* ECF No. 14 at 7.)

[4] The regulations contemplate and provide for the situation where an inmate may not have the identifying information required.  In that situation, the regulations allow the inmate to "provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the [correctional officer] in question."  Cal. Code Regs. tit. 15 § 3084.2(a)(3).

1    District Court for the Southern District of California.  For the reasons outlined above, IT

2    IS HEREBY RECOMMENDED that Defendants' motion to dismiss be DENIED and the

3    Court issue an Order approving and adopting this Report and Recommendation.

4         **IT IS ORDERED** that no later than **August 10, 2015**, any party to this action may

5    file written objections with the Court and serve a copy on all parties.  The document

6    should be captioned "Objections to Report and Recommendation."

7         **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with

8    the Court and served on all parties no later than **August 17, 2015**.  The parties are

9    advised that failure to file objections within the specified time may waive the right to

10   raise to objections on appeal of the Court's order.  *See Turner v. Duncan,* 158 F.3d 449,

11   445 (9th Cir. 1998).

12        IT IS SO ORDERED.

13    Dated:  July 27, 2015

14                                              Hon. Jill L. Burkhardt

15                                              United States Magistrate Judge

16

17

18

19

20